CORPORATION COMMISSION of the State of Oklahoma, Appellant,

v.

OKLAHOMA STATE PERSONNEL BOARD and Doris F. McKeever, Appellees.

No. 45618.

Supreme Court of Oklahoma.

July 31, 1973.

Harvey H. Cody, Conservation Atty., Oklahoma Corp. Comm., Oklahoma City, for appellant.

James C. Bass, Porta & Bass, El Reno, for appellee, Doris F. McKeever.

LAVENDER, Justice:

This is an appeal from a Judgment of the District Court of Oklahoma County sustaining a decision of the Oklahoma State Personnel Board reinstating an employee of the Corporation Commission of the State of Oklahoma who had been discharged by the Commission. The employee, a member of the classified service, had appealed to the Oklahoma State Personnel Board from her dismissal by the Corporation Commission whose action in pertinent part was as follows:

"The Commission, being fully advised in the premises, does hereby find that [employee] . . . was absent from duty from her employment as . . . for three consecutive days . . ., without authorization, and has therefore abandoned her position of employment; and she is therefore dismissed from her employment with the Corporation Commission effective . . ., as provided by Rule 1490, Rules and Regulations of the Oklahoma Personnel Board."

In her appeal, the employee said that her absence was authorized.

Oklahoma State Personnel Board Rule No. 1490, as then in effect, provided:

"Rule 1490—*Abandonment of Position.* Any employee who is absent from duty for three consecutive days without proper notification *or* proper authorization thereof shall be deemed to have vacated his position and is subject to immediate dismissal." [1]

(Emphasis supplied)

In its petition to the District Court to review and reverse the findings and deci-

---

[1]. The current rule 1490, effective Nov. 1, 1972, provides: "Any employee who is absent from duty for three (3) consecutive days without proper notification or proper authorization thereof shall be deemed to have resigned his position and has no right of appeal."

sion of the Board, the Corporation Commission said that the Board's "Findings and Decision are (1) arbitrary and capricious, and (2) contrary to law and the rules and regulations of the Appellee State Personnel Board, and (3) the decision of the Board is not supported by, but is contradicted by, the findings of the Board, all of which appears on the face of the Findings and Decision of the Board attached to this Petition in Error and marked 'Exhibit A.'" Attached to the petition was a shortened record of proceedings before the Board, such shortened record being authorized by statute upon agreement of parties. 75 O.S.1971, § 320. It consisted of identity of participants, Statement of Appeal, Statement of Appointing Authority, i. e., the Corporation Commission, the Board's Synopsis of Case, and the Decision of the Board.

Hearing was had by the District Court in which it considered the petition, other instruments filed, and oral arguments by counsel for the employee and the Corporation Commission. The court sustained the decision of the Board, and in so doing, found:

"1. That the record considered in this cause does not show lack of sufficient evidence to support the decision of the Oklahoma State Personnel Board.

2. That the record presented in this cause does contain sufficient evidence to support the decision of said Board, specifically as contained in the 4th and 5th Paragraphs of the Synopsis of Case on Page 3 of the records [of the board] . . ."

Paragraphs 4 and 5 of the Synopsis of Case are as follows:

"Mrs. McKeever testified on her own behalf. She related in great detail the events which preceded the dismissal, major of which was the statement that her immediate supervisor knew she would be absent from work the three days in question, and why. It was during her testimony the documents referred to in the opening statement were introduced as evidence. During this phase of the hearing there were numerous exchanges between the attorneys, and several more objections made by the Appointing Authority; several were over-ruled. There were no other witnesses for the Appellant.

The Appointing Authority presented several witnesses, principal of which was Mrs. McKeever's immediate supervisor. He stated emphatically that the appellant did not have permission to be absent from work. However, the most revealing testimony came from the part-time clerical person assigned to the field office concerned. She stated she was told by the district manager, (Mrs. McKeever's supervisor), in advance of the Appellant's absence, to come in and work full-time because Mrs. McKeever would not be there."

Petitioner states that the "precise point of law urged by [it] is that the findings of the State Personnel Board are wholly insufficient to support the Order of the Board, and that said findings are wholly insufficient to enable a Court to determine whether or not the Board proceeded upon a correct theory of law, and that the District Court erred in sustaining the invalid order of the Board." It also says that the court failed to find whether the findings of the Board were sufficient to support the order of the Board. It says now that the sole ground of its appeal to the district court was that the findings of the Board were not sufficient to support the order.

For reasons that appear hereinafter, the judgment of the district court is affirmed.

We may first note the basis for the matter being in its present posture. It is the duty and responsibility of the State Personnel Board to issue rules, and to hear appeals and make decisions thereon (74 O. S.1971, §§ 805(2)(3)), and an employee in the classified service who willfully violates a rule of the State Personnel Board may be discharged. Any employee discharged may file an appeal with the State Personnel Board for a hearing on the discharge.

After the hearing, the Board shall prepare its findings in written form, and they shall be sustained or not sustained. 74 O.S.1971, § 833. Part of the provisions of the Administrative Procedures Act, being sections 317 through 327, are made applicable by 75 O.S.1971, § 325. Notably not included is Section 312 of the Act which requires that a final order shall include findings of fact and conclusions of law separately stated. After the Board's decision sustaining or not sustaining the employee in his appeal, the party aggrieved or adversely affected may institute proceedings for review by petition to the district court (75 O.S.1971, § 318(2)), and by stipulation of parties the record transmitted to the reviewing court may be shortened. 75 O.S.1971, § 320. The review shall be on the record and without a jury, and the court, upon request, shall hear oral argument and receive written briefs.

In acting upon an agency's order, the court, in the exercise of proper judicial discretion or authority, may set aside or modify the order, or reverse it and remand it to the agency for further proceedings, if it determines that the substantial rights of the appellant or petitioner for review have been prejudiced because the agency's findings, inference, conclusions or decisions, are:

"75 O.S.1971, § 322. Setting aside, modifying or reversing of orders—Remand —Affirmance.

 * * * * * *

(a) in violation of constitutional provisions; or

(b) in excess of the statutory authority or jurisdiction of the agency; or

(c) made upon unlawful procedure; or

(d) affected by other error of law; or

(e) clearly erroneous in view of the reliable, material, probative and substantial competent evidence, as defined in Section 10 of this Act, including matters properly noticed by the agency upon examination and consideration of the entire record as submitted; but without otherwise substituting its judgment as to the weight of the evidence for that of the agency on question of fact; or

(f) arbitrary or capricious; or

(g) because findings of fact, upon issues essential to the decision were not made although requested."

█ Applying the above to the record before us, it may be seen that there is no requirement that requested findings of the Board be in any particular form. Nor does the record reflect that there was a request by either party for findings of fact as provided for by statute.

*Abandonment* of job position was the gravamen of action against the employee. This is reflected by the written action of dismissal taken by the Corporation Commission and by the rule upon which it was based. Clearly, there was no abandonment if employee complied with the rule requirement of notification.

█ Looking to the Synopsis of Case a pertinent finding, accepted by appellant as such, infra, is that the employee's immediate supervisor knew of the employee's pending absence. It will be recalled that Rule 1490, under which the employee was discharged, provides in the disjunctive for discharge of the employee if he is absent for the stated period without proper notification *or* authorization. It is true that the employee's appeal claims an authorized absence, and that, being authorized, the discharge was unlawful. Also, no where in the appeal does the employee speak of notification. But to have been authorized, there had to have first been notification. And we agree with appellant that the Board based its decision on the knowledge by the supervisor of the pending absence, i. e., on notification to him, the appellant in its brief saying this:

"The Oklahoma State Personnel Board could have sustained its decision in this case by simply finding that Mrs. McKeever's absence was authorized. This they could not or would not do. Rather, they based their decision upon the simpler and easier issue of whether her supervisor *knew* she would be absent.

Easy, because no one disputed it. It was not disputed because it was not germane. It was not germane because an employee cannot authorize his or her own absence by proclaiming it."

The appellant then said that the Board proceeded upon an erroneous legal theory. We do not agree. The employee was interested in the fact that she had been discharged, and the Board stated that she related in great detail the events which preceded the dismissal, major of which was the statement that her immediate supervisor knew she would be absent from work the three days in question, and why. Her pleadings responded directly to the specific language of the discharge action. The statute, 74 O.S.1971, § 833, required from her only a "written appeal." That she claimed authorization and did not mention notification surely should not be so elevated as to destroy the sense of the pleading and the Board's action on it and the evidence in finding that there was notification. The existence of this notification as provided for by Rule 1490, was the crux of the matter of whether the employee could be discharged for abandonment of her position of employment.[2] We do not believe that, under the circumstances here, this position does harm to the rule stated in Board of Examiners of Veterinary Medicine v. Mohr (1971), Okl., 485 P.2d 235, citing State ex rel. Oklahoma State Board of Embalmers, etc. v. Guardian Funeral Home (1967), Okl., 429 P.2d 732, that in administrative proceedings, while the scope of a hearing should not be arbitrarily limited, the issues are *ordinarily* limited to those raised by the pleading. The important point in the proceedings before the Board was that each party be accorded a full and fair hearing on all points at issue. State v. Guardian Funeral Home, supra. We have no indication that they were not. It does not appear, as appellant urges, that the Board proceeded upon an erroneous legal theory. It does appear that there was a finding to support the decision and order of the Board, and that it was sufficient for the court to act thereon. There was also evidence, recognized by appellant, of notification given by the employee, and on this the Board could find that there was no abandonment of position.

On the matter of the District Court's action on the findings, the record reveals no request for findings of fact essential to the decision, as provided for in 75 O.S.1971, § 322. The Court was free, then, to take the findings as they were, and the evidence as it was in the shortened record, consider argument of counsel, and in the exercise of its judicial discretion determine that there was sufficient evidence to support the Board's decision, and in so doing, not substitute its judgment as to the weight of the evidence on questions of fact. Implicit in its sustaining of the judgment and decision of the Board was a finding of no prejudice to the substantial rights of petitioner within criteria of the statute, and that the administrative decision was supported by substantial evidence. The substantial evidence standard has long been the requirement for review of administrative decisions in Oklahoma. Pannell v. Farmers Union Co-op Gin Assn. (1943), 192 Okl. 652, 138 P.2d 817, and subsequent cases.[3]

Our holding is that the District Court did not abuse its discretion and that it acted properly within the criteria of the statute and precedent. The judgment is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J. and IRWIN, BERRY, HODGES, SIMMS, and JACKSON, JJ., concur.

Special Justice FLOYD L. JACKSON on assignment by the Supreme Court served in the place of Justice JOHN B. DOOLIN.

---

2. This is not to say, of course, that notification of an arbitrary and capricious declaration of intended absence would not still leave the employee subject to disciplinary action.

3. Cases cited in Note 320 to Dr. Merrill's "Oklahoma's New Administrative Procedure Act," Vol. 17, No. 1, Oklahoma Law Review, February, 1964.