STATE of Oklahoma, ex rel., OKLA-
HOMA DEPARTMENT OF
AGRICULTURE, Appellant,

v.

Ramona YANES and Ethics and Merit
Commission, Appellees.

No. 65062.

Supreme Court of Oklahoma.

Dec. 8, 1987.

Rehearing Denied June 21, 1988.

Daniel J. Gamino, Daniel J. Gamino &
Associates, P.C., Oklahoma City, for appel-
lant.

Frank E. Walta, Coleman, Walke, Briggs
& Walta, Oklahoma City, for appellees.

SUMMERS, Justice.

A state employee, classified as subject to the Merit System under the Oklahoma Personnel Act,[1] was terminated by her employer, the State Board of Agriculture, on the ground of abandonment under Ethics and Merit Commission Rule 5.6.2.2.[2] That rule provides that an employee "who is absent from duty for three consecutive working days without prior authorization shall be deemed to have abandoned his or her position." She appealed to the Commission with partial success, the Hearing Examiner finding that she should not be discharged but rather suspended for sixty days without pay. The employer appealed to the District Court of Oklahoma County which affirmed the ruling of the Commission. Employer again appealed and the Court of Appeals in a split decision reversed to reinstate the original termination based on abandonment. Having previously granted certiorari, we now vacate the Court of Appeals opinion and reinstate the order of the Ethics and Merits Commission as affirmed on appeal by the district court.

Two principal issues are before us. The first is presented by the employer's challenge to jurisdiction in the Commission for want of procedural due process in the administrative proceedings. The second (and only necessary of resolution if the employee overcomes the jurisdictional challenge) is whether the Commission's order is supported by substantial evidence. We resolve both questions in favor of the employee.

Ramona Yanes washed test tubes for the Department of Agriculture. Her testimony (through an interpreter) was that on September 1, 1983, her brother called from Honduras to say their mother was dying. The next morning (Friday) she had her minor daughter call her supervisor to say her mother would not be at work. She sold some of her jewelry and bought air tickets for Honduras for the following day. She made arrangements for her friend (who also served as her interpreter in these proceedings) to deliver a note to the Department, which was delivered the next working day, Tuesday, September 6th, and read as follows:

"Darla;

This is to advise you that I will not be in to work, because I had an emergency phone call on Friday, saying that my mother is very ill. So I am taking the next plane out for Honduras. Depending on the seriousness of the situation, I will let you know how long I will be gone. I am sorry to give you such short notice, but I did not have any other choice.

Ramona Yanes"

She returned to work on September 15 but was given a letter from the Department dated September 12 that she had been removed from the payroll effective September 1 under the Rule first above quoted for abandonment. On the following day she filed a timely appeal with the Oklahoma Ethics and Merit Commission, asserting that she had no intention of abandoning her job but rather felt compelled to travel to Honduras due to the extremity of her mother's condition. The matter came on for hearing before the Commission's Hearing Examiner on October 28, 1983.

## THE PROCEDURAL DUE PROCESS QUESTION

Rule 5.6.2.2 in place at the time on which the Department relied read in full as follows:

"A permanent employee who is absent from duty for three consecutive working days without prior authorization shall be deemed to have abandoned his or her position effective at the beginning of the first day of unauthorized absence.

Action taken under this rule may not be appealed unless the employee shows good cause to the Ethics and Merit Commission within 15 days after failure to report to work, that such action was in fact a discharge under Rule 5.6.2.1."

The Department has steadfastly maintained they did not discharge Ms. Yanes; rather that they have, under the rule, mere-

1. 74 O.S.Supp.1982 § 840.1 et seq.

2. Now Rule 5.6.4.2.

ly deemed her to have abandoned the job by reason of three consecutive day's unauthorized absence. The Department correctly points out that the latter part of the rule provides such action is not appealable to the Commission unless the employee makes a showing to the Commission within fifteen days that the action was in fact a discharge.

The employee's appeal to the Commission on September 16th satisfies the timeliness requirements insofar as she had any control over them. It is what happened thereafter that causes the Department to complain.

The chief administrative officer of the Ethics and Merit Commission, who is called the Special Counsel, testified that upon receipt of Yane's appeal she proceeded to make a "threshold inquiry" into the matter. In the course of that inquiry she wrote Yanes asking for more information, and received back a letter from the travel agency providing information and dates regarding the flights to and from Honduras. Based on that inquiry she determined there was sufficient threshold information to entitle Yanes to a hearing.

Many times have we defined due process. In *Dodds v. Ward,* 418 P.2d 629 (Okl.1966) we said:

"The phrase 'due process' has a well defined meaning. See *Kiespert v. Jenkins,* 324 P.2d 283 (Okl.1958) wherein this Court held:

'By due process of law is meant an orderly proceeding adapted to the nature of the case, before a tribunal having jurisdiction, which proceeds upon notice, with an opportunity to be heard, with full power to grant relief.'"

Notice and the right to be heard, however, are not ordinarily required during the investigatory stage of an administrative proceeding. *Van Teslaar v. Bender,* 365 F.Supp. 1007 (D.C.Md.1973); *U.S. v. Woerth,* 130 F.Supp. 930 (N.D.Iowa 1955), aff'd, 231 F.2d 822 (8th Cir.1956). See, *Oklahoma Ethics Commission v. Walters,* 746 P.2d 172 (1987). In *Opp Cotton Mills*

*v. Administrator,* 312 U.S. 126, 152–153, 61 S.Ct. 524, 536, 85 L.Ed. 624 (1941) it was said:

"The demands of due process do not require a hearing at the initial stage or at any particular point or at more than one point in an administrative proceeding so long as the requisite hearing is held before the final order becomes effective."

■ A preliminary agency decision which does not cause irreparable harm need not be preceded by a hearing where a hearing is held before the final administrative order becomes effective. *Patlex Corp. v. Mossinghoff,* 771 F.2d 480 (Fed.Cir.1985). The opportunity of the employer to participate in the hearing on the merits of the termination, after the threshold decision of the Commission to hold such a hearing, and to subsequently appeal from the final agency action provides the employer with due process. *Id.* 771 F.2d at 486.

■ The rule in question precludes an appeal unless the employee shows good cause to the Ethics and Merit Commission within 15 days after first missing work that the termination was a discharge rather than abandonment. It would be wholly impractical and unreasonable to conclude that the rule mandates a full hearing upon notice to all concerned within those 15 days. We believe the Commission has placed a reasonable interpretation upon the rule—one that lets it make its own threshold investigation to decide whether the employee has shown sufficient cause to be entitled to a hearing on the merits of the termination. The 15 day requirement is upon the employee for making the initial showing, and that was done here.[3]

The Department's jurisdictional assault for lack of notice and hearing in the investigative stages was properly rejected, as was its complaint that the final "showing" was not accomplished within 15 days of the first missed work. The important point in any administrative proceeding is that each party be accorded a full and fair hearing on all

---

**3.** Left for another day is the case where the employee is physically unable to make such showing by reason of events beyond her control.

points at issue. *Corporation Commission v. Oklahoma State Personnel Bd.,* 513 P.2d 116, (Okl.1973); *State Board of Embalmers v. Guardian Funeral Home,* 429 P.2d 732 (Okl.1967).

We take note of two other procedural objections voiced by the Department: (1) notice of hearing was served on the Department October 13, 1983, instead of "within five working days" from the September 16, 1983 date of Yanes' appeal as required by Rule; (2) the Commission granted an ex parte request for continuance on the eve of an October 21st hearing date at the request of Yanes' interpreter/friend. No prejudice is shown to have resulted from either occurrence. The Department was afforded a full and fair hearing on all issues. *Corporation Commission v. State Personnel Board,* supra.

## THE SUFFICIENCY OF THE EVIDENCE

Yanes as a classified state employee was subject to what the Legislature has entitled the Oklahoma State Employee Bill of Rights.[4] 74 O.S.Supp.1982 § 841.13[5] (in effect at the time in question) provides in part:

"Any employee in the classified service may be discharged, suspended without pay for not to exceed sixty (60) days, or demoted by the agency, department, institution, or officer by whom employed for misconduct, insubordination, inefficiency, habitual drunkenness, inability to perform the duties of the position in which employed, willful violation of the this act or of the rules prescribed by the Office of Personnel Management or the Ethics and Merit Commission, conduct unbecoming a public employee, conviction of a crime involving moral turpitude, or any other just cause,...."

The Department at all times maintained they did not discharge Yanes, but that she abandoned the job as provided by Rule 5.6.2.2 earlier quoted. Yanes maintained

on appeal she had no intent to abandon, and therefore her termination amounted to a discharge. The special counsel for the Commission determined that under the Rule she made enough showing to be entitled to a hearing. Such a hearing de novo was held December 27, 1983 pursuant to notice to all parties on the question of her alleged abandonment. (The Department's jurisdictional and procedural objections had been taken up at the earlier hearing on October 28, 1983, and had been overruled by Order of November 4, 1983).

Under 74 O.S.Supp.1982 § 841.13 an appealing employee, if sustained in part in the appeal, may stand to lose up to sixty days forfeiture of pay. That was the Hearing Examiner's decision in this case. Implicit in his decision is a finding that she had no intent to abandon. Expressed therein are his reasons for not affirming her discharge:

"My hands are tied. I don't think that the facts warrant your termination but it is that close. If you did not have a sick mother in Honduras and that you did not get that letter to them telling them that was the problem and if they were not aware of it, you would be terminated, no questions asked." (Tr. P. 243)

Where dismissal is not required for the conduct with which an employee is charged, the Commission on appeal de novo determines the nature of the discipline in its discretion, and may impose a lesser penalty than that chosen by the employing authority. *State v. Iowa Merit Employment Commission,* 231 N.W.2d 854 (Iowa 1975).

On statutory appeal to the District Court, the trial judge, after review of the entire record plus briefs, and after hearing oral argument found in affirming:

"That there exists no clear error in view of the reliable, material, probative and substantial competent evidence.... and

**4.** Appearing at 74 O.S.Supp.1982 §§ 841.7—841.-20.

**5.** This section is tracked by Ethics and Merit Commission Rule 5.4.3. The Ethics and Merit

Commission is now known as the Oklahoma Merit Protection Commission. 74 O.S.Supp. 1986 § 841.1.

that in light of these facts it would be improper for this court to substitute its judgment as to the weight of the evidence for that of the agency on the questions of fact determined by the agency below."

■ This court has long been committed to the rule that an administrative decision will be affirmed on appeal if it is supported by substantial evidence. *Corporation Commission v. Okl. State Personnel Bd.,* supra; *Pannell v. Farmers Union Co–Op Gin Assn.,* 138 P.2d 817 (Okl.1943). The administrative decision to mitigate discipline here was based on uncontradicted evidence in the record of an exigent nature—a very ill mother in a far place—and of efforts which under the circumstances could be held to have reasonably communicated to the employer the facts of the hour and an intention not to give up the job. We cannot say that this evidence in mitigation was so insubstantial as to require us to overrule the Hearing Examiner and the District Court as a matter of law.

Certiorari having been granted the opinion of the Court of Appeals is vacated and the judgment of the district court is affirmed.

DOOLIN, C.J., and HODGES, SIMMS, OPALA, ALMA WILSON and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., and LAVENDER, J., dissent.

KAUGER, J., disqualified.