**Anna–Faye B. BAUMGARDNER, Appellant,**

v.

**STATE of Oklahoma, ex rel. DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 66829.

Supreme Court of Oklahoma.

March 20, 1990.

Annette H. Prince, Prince & Shaw, Oklahoma City, for appellant.

David Brown, Asst. General Counsel, Dept. of Human Services, Oklahoma City, for appellee.

KAUGER, Justice.

After the promulgation of our initial opinion herein, *Wards Cove Packing Co. v. Atonio*, 490 U.S. ——, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989), was decided by the United States Supreme Court. Because of the *Wards Cove* decision as well as the

pending legislation,[1] we have revisited the issue and conclude that this is a less than auspicious time to address disparate impact theory in the context of Oklahoma law. Instead, we withdraw our earlier opinion herein and remand the proceedings to the Ethics and Merit Protection Commission based on: 1) the hearing examiner's failure to make findings of fact and conclusions of law sufficient to support the decision; and 2) the omission of the final review policy from the posting in violation of the statutory posting requirements.

## FACTS

Anna–Faye Buamgardner/appellant (employee), had been working for Department of Human Services/appellee (DHS), thirteen years when she applied for the position of Programs Supervisor on March 19, 1985. In accordance with the position announcement, the employee submitted a written memorandum and DHS Form P–12. The selection committee, comprised of three administrative employees, interviewed seven applicants for the job. The employee was the unanimous choice of the selection committee. Despite her unanimous selection by the committee, and a request by the supervisor of the department in which the vacancy occurred that she be promoted, the employee was denied the promotion. A less qualified male applicant was given the job. His promotion was based on a selection policy requiring final review by the Director if the promotion resulted in a salary increase of at least $400.00 per month. Had she been promoted, Baumgardner would have received a $798.00 monthly increase. The man, who got the job, was not subject to review by the Director because his salary increase was insufficient to trigger review. The Director of DHS determined that the large salary increase which Baumgardner would receive if promoted required "optimal qualifications." After he failed to find these qualifications in the agency documents used in the initial screening of applicants, he denied her promotion.

The employee filed a grievance under 74 O.S.Supp.1985 § 841.9 which was upheld unanimously by the DHS grievance committee. Notwithstanding, the Director again denied the promotion. The employee appealed to the Ethics and Merit Commission (now the Oklahoma Merit Protection Commission, hereinafter referred to as the Commission),[2] alleging violations of the Oklahoma Personnel Act, 74 O.S.Supp.1985 §§ 841.10(A), 841.19(A)(6). The employee charged that the policy which allowed the Director to impose an additional subjective criterion to the selection process discriminated against women, and against her in

---

**1.** Apparently in response to the burden of proof announced in *Wards Cove Packing Co. v. Atonio,* 490 U.S. ——, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989), the following bill, S.2104, 101st Cong., 2nd Sess. §§ 2, 3, 4 (1989), was introduced. It provides in pertinent part:
"SEC. 2. FINDINGS AND PURPOSES.
(a) FINDINGS.——Congress finds that——
(1) in a series of recent decisions addressing employment discrimination claims under Federal law, the Supreme Court cut back dramatically on the scope and effectiveness of civil rights protections; and
(2) existing protections and remedies under Federal law are not adequate to deter unlawful discrimination or to compensate victims of such discrimination.
(b) PURPOSES.——The purposes of this Act are——
(1) to respond to the Supreme Court's recent decisions by restoring the civil rights protections that were dramatically limited by those decisions; and
(2) to strengthen existing protections and remedies available under Federal civil rights laws to provide more effective deterrence and adequate compensation for victims of discrimination."
"SEC. 3. DEFINITIONS....
(m) The term 'demonstrates' means meets the burdens of production and persuasion; ..."
"SEC. 4. RESTORING THE BURDEN OF PROOF IN DISPARATE IMPACT CASES....
(k) ... (1) An unlawful employment practice is established under this subsection when—
(A) a complaining party demonstrates that an employment practice results in a disparate impact on the basis of race, color, religion, sex, or national origin, and the respondent fails to demonstrate that such practice is required by business necessity; ..."

**2.** The Ethics and Merit Commission was renamed the Oklahoma Merit Protection Commission in 1986. See, Title 74 O.S.Supp.1986 § 841.1.

particular as a member of a protected class. She asserted that female applicants more often than male applicants were subjected to this standard resulting in a disparate and adverse impact upon women. She also alleged that the statutory posting requirements, § 841.19(A)(6), for the position were not met because the notice failed to include a statement that an additional subjective criterion of "optimal qualifications" would be imposed by the Director if the successful candidates' salary were increased by $400.00 per month.

The Commission conducted an investigation. It found that the application of the "optimal qualifications" to applicants receiving a salary increase of $400.00 or more per month resulted in a discriminatory impact in the promotion of females, and that the failure to include the "optimal qualifications" in the posting of the vacancy disregarded the requirement of the Oklahoma Personnel Act. After a full hearing before a hearing examiner of the Commission, the claims of the employee were upheld with a finding that the implementation of final review by the Director resulted in discrimination and violated the requirements for the posting of vacancies by the agencies. The hearing examiner ordered that the position be declared vacant, and that the employee be awarded the position, with appropriate back pay. The decision was upheld by the Commission on the motion to reconsider by DHS.

Pursuant to 74 O.S.Supp.1984 § 841.13A, DHS appealed to the Oklahoma County district court. The trial court reversed the decision of the Commission. It found that the Director's review of any promotion resulting in a salary increase of $400.00 per month did not discriminate against the rejected female, and that the applicant review policy did not breach the posting requirements of the Oklahoma Personnel Act. The employee appealed.

**3.** *Jackson v. Indep. School Dist. No. 16,* 648 P.2d 26, 31–2 (Okla.1982); *Southwestern Pub. Serv. Co. v. State,* 637 P.2d 92, 101 (Okla.1981); *Brown v. Banking Bd.,* 512 P.2d 166, 168 (Okla.

# I.

## THE HEARING EXAMINER'S ORDER LACKS REQUISITE FINDINGS OF FACT AND CONCLUSIONS OF LAW.

DHS contends that the hearing examiner's findings of fact are insufficient to support the legal conclusions reached. We agree. The findings of an agency acting in its adjudicative capacity must: 1) recite the underlying facts which support the ultimate facts drawn from the evidence; 2) be free from ambiguity which raises doubt concerning whether the agency's decision is supported by the applicable law and utilized the legal theory correctly; and 3) be sufficiently specific to enable a reviewing court to ascertain whether the ultimate facts upon which the decision is rested afford a reasonable basis for the order.[3] These requirements determine the validity of the decision and, where an agency fails to make adequate findings of fact, its determination cannot be affirmed.[4]

On review of the Commission's order, we find that it is infirm. The findings of fact give an account of procedural rather than of ultimate facts. The remaining paragraphs of the order consist of conclusory statements which are unsupported by actual findings of fact. Because the order lacks findings of fact upon which the Commission could have based its decision, and because the conclusions of law do not correctly apply the legal theory to the applicable law, the order is fatally deficient and must be vacated.

# II.

## THE OMISSION OF THE STANDARDLESS FINAL REVIEW POLICY FROM THE POSITION ANNOUNCEMENT RESULTED IN A VIOLATION OF THE POSTING REQUIREMENTS OF 74 O.S.SUPP.1985 § 841.19(A)(6).

The employee asserts that the omission of the requirement of "optimal qualifi-

1973); *Oklahoma Inspection Bureau v. State Bd.,* 406 P.2d 453, 456 (Okla.1965).

**4.** *State v. Okla. State Bd.,* 731 P.2d 394, 400 (Okla.1986).

cations" from the position announcement contravened the posting requirements of 74 O.S.Supp.1985 § 841.19(A)(6). DHS contends that the review policy was distributed to all DHS offices before announcement of the position, and that it did not add any additional qualification for the position. The employee counters that because the announcement of the vacancy required submission of minimal qualifications, and because the Director relied only on these documents for his determination of whether an applicant possessed "optimal qualifications", the review ignored the plain language of the statutes. Title 74 O.S.Supp. 1985 § 841.19(A)(6) requires the appointing authority to post any additional factors which will be considered in filling the vacancy.[5]

The word "shall" is usually given its common meaning of "must", implying a command or mandate.[6] The use of shall required that the posting include any addi-

tional factor. The final review policy by the Director held the applicant to a high standard without giving the applicant an opportunity to show "optimal qualifications". We find that this final review was an additional factor, and its omission violated the posting requirements. Because of the violation of § 841.19(A)(6), 74 O.S.Supp. 1985 § 841.19(C) requires that the position be declared vacant.[7]

## CONCLUSION

■ The cornerstone of proceedings before an administrative agency is that each party be given a full and fair hearing on all points at issue.[8] An absence of findings of fact to support statutory conclusions of law is fatal to the validity of the decision.[9] If the substantial rights of the parties have been prejudiced because of facially defective agency findings, conclusions, or decisions, this Court must reverse and remand for further proceedings.[10]

---

**5.** The posting requirements of 74 O.S.Supp.1985 § 841.19(A)(6) provide in pertinent part:

> "A. The appointing authority shall post vacancy or vacancies in a particular class of positions in accordance with a promotional plan filed by the agency with the Office of Personnel Management.... The posting shall include: ...
>
> "(6) Any additional factors which the appointing authority will consider in filling the vacancy."

The statute was amended in 1986, however the cited portion remains unchanged.

**6.** *Fuller v. Odom,* 741 P.2d 449, 453 (Okla.1987); *McDonald's v. Groves,* 652 P.2d 281–82 (Okla. 1982); *TIB Corp. v. Edmondson,* 630 P.2d 1296–97 (Okla.1981); *Sneed v. Sneed,* 585 P.2d 1363–64 (Okla.1978); *Oklahoma Alcoholic Beverage Control Bd. v. Moss,* 509 P.2d 666, 668 (Okla. 1973).

**7.** Title 74 O.S.Supp.1985 § 841.19(C) provides:

> "If an employee still feels that he or she has not been treated fairly with regard to a promotional action after such complaint has been reviewed in a formal grievance procedure conducted in accordance with the grievance procedure of the agency, the employee may seek a remedy through the procedures established in this act. If a violation of Section 841.10 of this title has been committed, the Ethics and Merit Commission may declare a position open."

This statute was amended in 1986, however the cited portion remains unchanged.

**8.** *Corporation Com'n. v. Okla. State Personnel Bd.,* 513 P.2d 116, 120 (Okla.1973).

**9.** *Brown v. Banking Bd.,* see note 3, supra.

**10.** Title 75 O.S.1981 § 322 provides in pertinent part:

> "(1) In any proceeding for the review of an agency order, the Supreme Court or the district court, as the case may be, in the exercise of proper judicial discretion or authority, may set aside or modify the order, or reverse it and remand it to the agency for further proceedings, if it determines that the substantial rights of the appellant or petitioner for review have been prejudiced because the agency findings, inferences, conclusions or decisions, are:
>
>   (a) in violation of constitutional provisions; or
>
>   (b) in excess of the statutory authority or jurisdiction of the agency; or
>
>   (c) made upon unlawful procedure; or
>
>   (d) affected by other error of law; or
>
>   (e) clearly erroneous in view of the reliable, material, probative and substantial competent evidence, as defined in Section 10 of this act, including matters properly noticed by the agency upon examination and consideration of the entire record as submitted; but without otherwise substituting its judgment as to the weight of the evidence for that of the agency on question of fact; or
>
>   (f) arbitrary or capricious; or
>
>   (g) because findings of fact, upon issues essential to the decision were not made although requested...."

Here, reversal and remand for new proceedings is essential for two reasons: 1) the Commission's order is facially deficient because its findings of fact and conclusions of law are legally insufficient to support the decision; and 2) the omission of the requirement of undefined "optimal qualifications" from the position announcement violated the posting requirements of 74 O.S.Supp.1985 § 841.19(A)(6). For these reasons, the position is declared vacant, and the cause is reversed and remanded to the Commission for new proceedings which must conform to the standards set forth herein.

THE TRIAL COURT'S ORDER IS VACATED AND THE CAUSE IS REMANDED TO THE ETHICS AND MERIT COMMISSION FOR NEW PROCEEDINGS.

OPALA, V.C.J., and LAVENDER, DOOLIN, ALMA WILSON and SUMMERS, JJ., concur.

HARGRAVE, C.J., and HODGES and SIMMS, JJ., dissent.