Eugene JONES, Jr., Appellee,

v.

**OKLAHOMA MERIT PROTECTION
COMMISSION and Department of
Human Services, Appellants.**

No. 78531.

Court of Appeals of Oklahoma,
Division No. 1.

May 11, 1993.

Rehearing Denied June 22, 1993.

Certiorari Denied Sept. 13, 1993.

Charles Lee Waters, Gen. Counsel,
Charles M. Jackson, Asst. Gen. Counsel,
Dept. of Human Services, Oklahoma City,
for appellants.

Jon B. Comstock, Tulsa, for appellee.

*MEMORANDUM OPINION*

GARRETT, Judge:

Eugene Jones, Jr. (Jones) had been em-
ployed by the Oklahoma Department of
Human Services (DHS) since 1977 in a cus-
todial position. In October, 1987, he was

terminated from his employment for failing to report for work for more than three working days (October 20, 21, 22, 25, and 26, 1987) without prior authorization. He was deemed to have abandoned and resigned his position. On October 27, 1987, he attempted to report for work but was informed of his termination. DHS sent him a letter dated October 23, 1987, confirming his termination. The letter stated that DHS relied on Rule 5.6.4.2 of the Oklahoma Merit Rules for Employment (Rules) which provides:

5.6.4.2 ABANDONMENT OF POSITION

A permanent employee who is absent from duty for 3 working days without prior authorization shall be deemed to have abandoned and resigned his or her position effective at the beginning of the first day of unauthorized absence. The separation of the employee will be reported as a resignation by abandonment of position. It may not be appealed unless an employee shows good cause to the Merit Protection Commission within 15 calendar days after failure to report to work, that such action was in fact a discharge under Rule 5.6.2.1. The Executive Director of the Merit Protection Commission may extend this 15 calendar day limit if an employee demonstrates that he or she was unaware of unauthorized failure to report for duty as scheduled.

The letter did not contain a notice to Jones regarding appeal rights because he "resigned" and was not discharged. He was not afforded a hearing prior to his termination.

In December, 1987, Jones filed an appeal with the Oklahoma Merit Protection Commission (Commission). In that appeal, he alleged he had complied with DHS policy for reporting absence and illness, and had not intended to abandon his position. He stated it was his understanding of DHS policy that when an employee had been absent for three days, that employee was to bring a doctor's statement in order to return to work. He also stated he had called his employer on the first day of his illness, and he tried to obtain a doctor's statement on a Friday after three days absence, but his doctor was out of town. He did obtain a doctor's statement the following Monday and attempted to return to work on Tuesday. When he attempted to return to work, his supervisor refused to accept the doctor's statement and told him that he had been terminated.

In March, 1988, the Commission notified Jones that his appeal would not be heard because he had failed to file his appeal within 15 days of his termination, pursuant to Rule 5.6.4.2 and 74 O.S.1991 § 841.13, which sets out a fifteen day jurisdictional time limit. DHS relied on the date of the termination letter, and the fact that Jones had applied for unemployment benefits in November to show that he was aware of his discharge more than fifteen days before he filed his appeal with the Commission. Jones then filed his petition to reconsider the dismissal of his appeal. After a hearing, the petition to reconsider was denied. He appealed to the District Court.

In April, 1990, the Court ordered the matter remanded to the Commission for further findings of fact. In June, 1990, the Commission entered an order which included those findings. The Commission concluded that Jones knew of his employment termination for abandonment of his position more than fifteen days prior to his appeal and that reliance upon Rule 5.6.4.2 was proper in dismissing the appeal.

In October, 1991, the trial court reviewed the Commission's decision and held that Rule 5.6.4.2 is invalid. The Court relied on 75 O.S.1991 § 306 which states in pertinent part:

A. The validity or applicability of a rule may be determined in an action for declaratory judgment in the district court of the county of the residence of the person seeking relief or, at the option of such person, in the county wherein the rule is sought to be applied, if it is alleged the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff.

\*        \*        \*        \*        \*        \*

D. A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question.

The Court held that the Commission had "mechanically defined actions that may in fact, be a discharge from employment as a resignation." The Court further held that to do so and preclude the employee from an appeal did not accord the employee his or her due process rights enumerated under the Oklahoma Personnel Act, 74 O.S.1991 § 840.1 et seq.

■ DHS appeals, contending the Court committed reversible error in ruling that Rule 5.6.4.2 is an invalid administrative rule because it ruled on an issue broader than that raised on appeal and it was an issue not properly before the court. DHS cites *Ricks Exploration v. Oklahoma Water Resources Board*, 695 P.2d 498 (Okl. 1984) as authority.[1] DHS contends that *Ricks* does not allow the Court to enter a declaratory ruling on the invalidity of Rule 5.6.4.2: (1) because Jones did not request such a ruling and, (2) because Jones did not raise the validity of Rule 5.6.4.2 before the DHS.

However, a review of the record shows that Jones did request the Court to enter an order finding the application of the rule regarding "15 day abandonment rule" to be unconstitutional as violative of Jones due process rights. Specifically, Jones stated that he was entitled to a pre-termination hearing as a public employee as a matter of law. Jones also made these same contentions in his first appeal to the District Court. While Jones has not specifically named Rule 5.6.4.2, he has by his pleading put the parties on notice of his challenge to the validity of the rule. The substance of the pleading will control over the strict form of the pleading. The pleading constitutes a short and plain statement of the claim as required by 12 O.S.1991 § 2008(A) of the Pleading Code and a request for declaratory relief as required by 12 O.S. 1991 § 1651.

Next, DHS contends that the Court's finding Rule 5.6.4.2 to be invalid is incorrect as it is contrary to the ruling in *State ex rel., Okla. Dept. of Agriculture v. Yanes*, 755 P.2d 611 (Okl.1987). We find *Yanes* to be inapplicable for two reasons: (1) it involved an *agency's* challenge to the Commission for an alleged due process violation after the employee had been terminated and, (2) it involved Rule 5.6.2.2, a precursor to Rule 5.6.4.2 which is an amended version. DHS specifically relies on the Court's holding in *Yanes* that the Commission may make an investigation prior to a hearing on the matter of a discharged employee. This holding does not relate to the facts of this case.

■ Rule 5.6.4.2 places an employee that has been terminated for abandonment in a category that is separate from all other employees covered by the Oklahoma Merit Rules for Employment. It precludes an employee deemed to have abandoned his position from a pre-termination hearing and does not require that the employee be given notice of any appeal rights. Under the Rules, each employee (other than those "deemed" to have abandoned or resigned their position), is entitled to: (1) a written statement of the specific acts that caused the discharge; (2) an explanation of the agency's evidence; and, (3) an opportunity to present reasons why the *proposed* discharge is improper and should not take place. See Rule 5.4.4, Oklahoma Merit Rules of Employment; and, *Wolfenbarger v. Hennessee*, 520 P.2d 809 (Okl.1974). Those employees may not be discharged until they have had notice and the opportunity to respond. See Rule 5.6.2.1. An employee arbitrarily considered to have "resigned" under Rule 5.6.4.2 is denied his or her right to notice and an opportunity to be heard. This is an impermissible denial of that employee's right to equal protection of law and due process. The trial court's judgment that Rule 5.4.6.2 is invalid and remanding the case to the Commission with directions to conduct a proceeding in accor-

---

1. We note that while 75 O.S. § 306 was amended in 1987, and the *Ricks* case was decided in 1984, the portions of the statute in question here have not changed.

dance with its rules relating to discharge, is affirmed.

AFFIRMED.

JONES, J., concurs.

ADAMS, P.J., dissents.