Dear General Administrator Edwards,
¶ 0 This office has received your request for an official Opinion addressing, in effect, the following questions:
1. Is an agency required to review the service ratings of otherState employees as well as agency employees applying for aposition in the agency?
2. Does the requirement extend to the service ratings of pastState employees who are applying for employment with a Stateagency?
3. Is the Office of Personnel Management required to makeemployee service ratings of present and past State employees ofother agencies applying for an agency position available for thehiring agency's review?
4. Is an agency required to review service ratings for a lateralmove of a State employee?
5. If an agency is not required to review the service ratings ofapplicants who are past or present employees of other agencies,may that agency review the service ratings of applicants who areeither past or present employees of other State agencies?
6. If the answer to 5 is yes, may a merit system agency requirethat the applicant for a classified position grant access toservice ratings made by other State agencies by means of specificlanguage in position vacancy announcements?
 I.
¶ 1 Your first question asks whether an agency is required to review the service ratings of other State employees as well as agency employees applying for positions with the agency.
¶ 2 The Oklahoma Personnel Act[1] (the "Act") at 74O.S.Supp. 1995, § 840-4.17[74-840-4.17](A), and the Merit System of Personnel Administration Rules at O.A.C. 530:10-17-31, require that the performance of each classified, unclassified and exempt employee in the executive branch of State government be evaluated, except those in the exempt unclassified service as specified in 74O.S.Supp. 1995, § 840-5.5[74-840-5.5](A)(1) and (2), and those employed by institutions of the Oklahoma State System of Higher Education. Employees of most elected officials are exempt from the evaluation requirement except for employees of the Corporation Commission, State Department of Education, and State Department of Labor. 74 O.S.Supp. 1995, § 840-5.5[74-840-5.5](A)(1). The Office of Personnel Management ("OPM") is charged with the duty of standardizing an employee service rating system for the use of the various agencies. However, each agency may develop its own "separate system" of employee service ratings with the approval of the Administrator of OPM. Such evaluations shall be made at least once a year. 74 O.S.Supp. 1995, § 840-4.17[74-840-4.17](A).
¶ 3 Title 74 O.S.Supp. 1995, § 840-4.17[74-840-4.17](E) provides that "[t]he agency shall use the service ratings of employees in decisions regarding promotions, demotions, performance pay increases and discharges. Reductions-in-force shall not be considered discharges." (Emphasis added).
¶ 4 "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jacksonv. Independent School Dist. No. 16, 648 P.2d 26, 29 (Okla. 1982). The Act defines "employee" or "state employee" such that he or she is the "employee of an agency" rather than State government generally. 74 O.S.Supp. 1995, § 840-1.3[74-840-1.3](2). It is clear that the Legislature is mandating that each employing agency within the executive branch of State government, except for certain elected officials and institutions of higher education, adopt and administer an employee service rating system. Further, that each agency use the service ratings of its employees in "decisions regarding promotions, demotions, performance pay increases and discharges." 74 O.S.Supp. 1995, §840-4.17[74-840-4.17](E). These decisions relate only to an agency's current employees. The consideration of an applicant from outside the agency would be a hiring decision which is not enumerated in Section 840-4.17(E).
¶ 5 Therefore, as to your first question, an agency is required to use the service ratings of its current employees for decisions regarding promotions, demotions, performance pay increases and discharges, but it is not required to review the service ratings of employees of other agencies applying for a position in the agency.
 II.
¶ 6 Your second question inquires as to whether an agency must review service ratings of past State employees who apply for employment with the agency. As discussed above, 74 O.S.Supp.1995, § 840-4.17[74-840-4.17](E) decisions relate to actions involving current employees of an agency. Because decisions to hire are not enumerated in Section 840-4.17(E), an agency is not required to use service ratings when it considers past State employees for a position. However, nothing prohibits an agency from using service ratings of its past employees which are records of the agency.
 III.
¶ 7 Your third question asks if OPM is required to make employee service ratings received from other agencies and in its possession, available for review. Subsection F of 74 O.S.Supp.1995, § 840-4.17[74-840-4.17] requires each agency to keep a copy of its employee service ratings and "[a] copy of the service rating shall be furnished to the Administrator of the Office of Personnel Management for review to determine compliance with the provisions of this section and shall be retained in the file on the employee." By the terms of this provision, OPM in its regulatory capacity is provided a copy of the evaluation for the limited purpose of determining compliance. Pursuant to the Open Records Act "[a] public body may keep personnel records confidential: . . . (2) [w]here disclosure would constitute a clearly unwarranted invasion of personal privacy such as employee evaluations[.]" 51 O.S.Supp. 1995, § 24A.7[51-24A.7](A).
¶ 8 Copies of employee service ratings received by OPM to determine compliance pursuant to Section 840-4.17(F) are records of the employing agency. If the employing agency has exercised its discretion so that its employee service ratings are confidential, then they do not lose their confidential status upon a copy being furnished to OPM for its review. Therefore, the Office of Personnel Management may not release employee service ratings furnished by an employing agency unless it is informed by the agency that these records are not confidential.
 IV.
¶ 9 Your fourth question inquires as to whether an agency must use service ratings for a "lateral move" of a State employee. Because lateral move decisions are not enumerated among the required decisions in 74 O.S.Supp. 1995, § 840-4.17[74-840-4.17](E), an agency is not required to use service ratings regarding lateral moves of State employees. However, nothing prohibits an agency from using service ratings of its employees, which are records of the agency, in decisions relating to lateral moves.
 V.
¶ 10 Your fifth question asks whether a hiring agency may review the service ratings of applicants who are either past or present employees of other State agencies. Although an agency may be limited in its access to service ratings made by other agencies, it may review and use them when such are available. Further, an agency is not prohibited from requiring applicants to make available service ratings made by other agencies as to present or past employment, if such exist.
 VI.
¶ 11 Your sixth question asks if a merit system agency may require the applicant for a classified position to grant access to service ratings made by other State agencies by using specific language in its position vacancy announcements. The Oklahoma Personnel Act at 74 O.S.Supp. 1995, § 840-4.15[74-840-4.15](A), and the Merit System of Personnel Administration Rules at O.A.C.530:10-11-51(a), require merit system agencies to post notices of position vacancies in prominent locations in accordance with its promotional plan. Further, Section 840-4.15(A) and O.A.C.530:10-11-51(b) require the posting to include six mandatory elements, one of which is "[a]ny additional factors which the appointing authority will consider in filling the vacancy." The Oklahoma Supreme Court has held that the use of "shall" in Section 841.19(A)(6) [now numbered as Section 840-4.15(A)(6)] is to be given its common meaning of "must," implying a command or mandate, and that its use required that the posting include any additional factor. Baumgardner v. Oklahoma Department of HumanServices, 789 P.2d 235, 239 (Okla. 1990). In Baumgardner, the agency's policy of final review by the agency's director held the applicant to a higher standard without giving the applicant an opportunity to show optimal qualifications. The Court found that this final review was an additional factor, and its omission violated the posting requirements. Baumgardner,789 P.2d at 239.
¶ 12 As stated above, an agency may require applicants to provide access to service ratings made by other agencies. For a classified position in the merit system subject to the vacancy posting requirements of 74 O.S.Supp. 1995, § 840-4.15[74-840-4.15](A) and O.A.C. 530:10-11-51, such required access would be an additional factor according to Baumgardner, 789 P.2d at 239, and must be stated in the posting notice.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. An agency is required to review the service ratings of itscurrent employees in decisions regarding promotions, demotions,performance pay increases and discharges, but it is not requiredto review service ratings of employees of other agencies applyingfor a position in the agency. 74 O.S.Supp. 1995, §840-4.17[74-840-4.17](E).
2. An agency is not required to use service ratings of pastState employees when making a hiring decision, but it is notprohibited from using service ratings of its past employees whichare records of the agency. 74 O.S.Supp. 1995, § 840-4.17(E).
3. Copies of employee service ratings furnished to the Office ofPersonnel Management pursuant to 74 O.S.Supp. 1995, §840-4.17(F) are records of the employing agency, and, if theyhave been designated by the agency as confidential, they do notlose that status upon a copy being furnished to the Office ofPersonnel Management. 51 O.S.Supp. 1995, § 24A.7(A)(2).
4. An agency is not required to, or prohibited from, usingservice ratings made by it, which are records of the agency, fordecisions regarding a lateral move of a State employee. 74O.S.Supp. 1995, § 840-4.17(E).
5. A hiring agency may review and use service ratings of past orpresent employees of other agencies when they are available, andagencies may require applicants for employment to make availablesuch service ratings.
6. For a classified position in the merit system subject to thevacancy posting requirements of 74 O.S.Supp. 1995, §840-4.15(A) and the Merit System of Personnel AdministrationRules at O.A.C. 530:10-11-51, a merit system agency may requireapplicants to provide access to service ratings made by otherState agencies; any such requirement must be stated in theposting notice.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN M. CRITTENDEN ASSISTANT ATTORNEY GENERAL
[1] 74 O.S.Supp. 1995, §§ 840-1.1[74-840-1.1] et seq.